UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| **WILLIAM A. HOWARD # 423493,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 1:16-00078 |
| ) | Chief Judge Crenshaw/Brown |
| **KEVIN GENOVESE, ET AL.,** ) | |
| ) | |
| **Defendants.** ) | |

**To: The Honorable Waverly D. Crenshaw, Jr., Chief United States District Judge.**

### REPORT AND RECOMMENDATION

The Magistrate Judge **RECOMMENDS** for the reasons explained below that: **1)** defendants' motion for summary judgment (Doc. 65) be **GRANTED**; **2)** this action be **DISMISSED WITH PREJUDICE** for failure to exhaust; **3)** acceptance and adoption of this Report and Recommendation (R&R) constitute the **FINAL JUDGMENT** in this action; **4)** any appeal **NOT** be certified as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

### I. INTRODUCTION AND BACKGROUND

Plaintiff, proceeding *pro se* and *informa pauperis* was a prisoner in the Turney Center Industrial Complex (TCIX) in Only, Tennessee when he brought this action on September 26, 2016 under 42 U.S.C.§ 1983.[1] (Doc. 1) The complaint named Tennessee Department of Correction (TDOC) Commissioner Tony Parker, TCIX Warden Kevin Genovese, and four Corrections Officers (CO) as defendants to this action. The complaint alleged that defendants violated plaintiff's Eighth Amendment rights when he was "physically, sexually, and verbally abused . . . ." on or about July

---

[1] Plaintiff filed a notice of change of address advising the court that he had been transferred to the West Tennessee State Penitentiary(WTSP) in Henning, Tennessee. (Doc. 2) The record shows that plaintiff was transferred from TCIX to the West Tennessee State Penitentiary WTSP on September 30, 2016. (Doc. 66-2, p. 27 of 37)

20, 2016.  (Doc. 1, p. 7)

The complaint was dismissed with prejudice on December 13, 2016 against Commissioner Parker and Warden Genovese leaving COs Loden Holt, James Arnette, Zack Simmons and Nathaniel Griffin as defendants (hereinafter "defendants").  (Doc. 7, p. 3)  This action was referred to the undersigned "to enter a scheduling order for the management of this action, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed.R.Civ.P., and the Local Rules of Court."  (Doc. 7, p. 3)

The undersigned entered a scheduling order on April 26, 2017.  (Doc. 46)  In that order, the undersigned instructed the parties as follows with respect to dispositive motions:

> All dispositive motions to dismiss or for summary judgment shall be filed by **January 26, 2018**.  Responses shall be due by **February 26, 2018** . . . .  Plaintiff is forewarned that dispositive motions must be responded to by **February 26, 2018**, unless an extension of granted by the Court, and that failure to respond to the motion and to statements of facts may result in the Court taking the facts alleged in the matter as true and granting the relief requested.  In responding, Plaintiff may not just rely on . . . his . . . . complaint.  Plaintiff must show there is a material dispute of fact with citation to the record, affidavits or other matter of evidence.

(Doc. 46, pp. 3-4)(bold in the original)  On March 8, 2018, the undersigned granted defendants' motion for an extension of time until March 14, 2018 to file a motion for summary judgment. (Docs. 61-64)  The undersigned provided the following relevant instructions to plaintiff in that order:

> The Plaintiff will have **28 days** from the filing of the motion [for summary judgment] to file a response.  The Plaintiff is cautioned that he must respond to a motion for summary [judgment] and to the statement of undisputed facts or he risks the motion being granted as unopposed. . . .

(Doc. 64)(bold in the original)

2

Defendants filed a motion for summary judgement on March 14, 2018 accompanied by a statement of undisputed material facts and a supporting memorandum of law. (Docs. 65-67) Defendants ask the court to enter judgment in their favor on four separate grounds, including plaintiff's failure to properly exhaust the available institutional grievance procedure. (Doc. 67, ¶ 4, p. 4) Based on the undersigned's March 8, 2018 order (Doc. 64), plaintiff had until April 11, 2018 to respond to defendants' motion for summary judgment.

Failure to file a timely response shall indicate that there is no opposition to the motion." Local Rules of Court, LR7.01(b). As noted above, plaintiff had until April 11, 2018 to respond to defendants' motion for summary judgment, or to file a motion for an extension of time to do so. Plaintiff has done neither, and the time to do one or the other has past. Defendants' motion for summary judgment is now properly before the court.

## II. ANALYSIS

### A. Motion For Summary Judgment
### Standard of Review

Summary Judgment is appropriate only where "there is no genuine issue as to any material fact and the movant is entitled to summary judgment as a matter of law." Rule 56(a), Fed. R. Civ. P.; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Gillis v. Miller*, 845 F.3d 677, 683 (6th Cir. 2017). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Williams v. AT&T Mobility Services LLC*, 847 F.3d 384, 391 (6th Cir. 2017). The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 249-50; *Stiles ex rel. D.S. v. Grainger County, Tenn.*, 819 F.3d 834, 847 (6th Cir. 2016). Inferences from underlying facts "must be viewed in the light most favorable to the party opposing the motion." *See Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, *Ltd.*, 475 U.S. 574, 587 (1986); *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

In considering whether summary judgment is appropriate, the court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon County*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875 (2000). If there is a genuine issue of material fact, then summary judgment should be denied. *Sowards*, 203 F.3d at 431. However, "[t]he moving party need not support its motion with evidence; instead, it only must point out the deficiencies in the nonmoving party's case." *Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 507 (6th Cir. 2006)(citing *Celotex Corp.*, 477 U.S. at 324-25).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Jones v. City of Franklin, et al.*, 677 Fed.Appx. 279, 282 (6th Cir. 2017)(citing *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991)). "[T]o withstand a properly supported motion for summary judgment, plaintiff must do more than rely merely on the allegations of h[is] pleadings or identify a 'metaphysical doubt' of hypothetical 'plausibility' based on a lack of evidence; [h]e is obliged to come forward with 'specific facts,' based on 'discovery and disclosure materials on file, and any affidavits,' showing that there is a genuine issue for trial." Rule 56(c), Fed. R. Civ. P.; *Chappell v. City of Cleveland*, 585 F.3d 901, 912 (6th Cir. 2009)(citing *Matsushita Elec. Indus. Co.*, Ltd., 475 U.S. at 586-87). Conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *Jones*, 677 Fed.Appx. 282 (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)). In other words, to defeat a motion for summary judgment, the party opposing the motion must present affirmative evidence to support

4

his position; a mere scintilla of evidence is insufficient. *See Brown v. Battle Creek Police Department*, 844 F.3d 556, 565 (6th Cir. 2016); *Bell v. Ohio State University*, 351 F.3d 240, 247 (6th Cir. 2003)(citing *Anderson*, 477 U.S. at 252).

### B. The Prison Litigation Reform Act's (PLRA) Exhaustion Requirement

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[E]xhaustion is mandatory under the [PLRA] and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' – rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218. To establish that he has exhausted his administrative remedies, plaintiff must show that he pursued his administrative remedies through "one complete round" of the grievance procedure. *See Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003)(abrogated on other grounds by *Woodford v. Ngo*, 548 U.S. 81 (2006)). There are no futility or other exceptions to the exhaustion requirement under the PLRA. *Booth v. Churner*, 532 U.S. 731, 741 & n. 6 (2001); *see Cox v. Mayer*, 332 F.3d 422, 428 (6th Cir. 2003)(exhaustion requirement applies to a former prisoner who filed his complaint without exhausting his administrative but has since been released from custody). A prisoner cannot abandon the process before completion and then argue that he has not exhausted his remedies and it is now futile for him to do so because his grievance is now time barred. *Morgan v. Tennessee Dept. of Correction*, 92 Fed.Appx. 302, 304 (6th Cir. 2004)(citing *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999)).

### C. Defendants' Argument

5

Defendants' failure-to-exhaust argument is quoted below in relevant part for ease of reference:

> . . . . Plaintiff claims to have filed a grievance, stating in his Complaint that he 'filed a[n] Inmate Grievance explaining my being physicall[y], verbally and sexually assaulted.' In the Complaint, Plaintiff alleges that his grievance was 'wrongfully denied due to bias.' During his deposition, however, Plaintiff testified under oath that he could not remember the outcome of the grievance process.
>
> Plaintiff does not appear to have exhausted the grievance process, and has no recollection of the ultimate outcome. Effective grievance under the PLRA requires more than conclusory claims of compliance; at the very least, it would appear that a firm allegation of compliance would be required, and none is forthcoming here. Thus, Plaintiff failed to meet the requisite PLRA standard, and his claims must be dismissed on those grounds.

(Doc. 67, ¶ IV, p. 10)(footnote and internal references to the record omitted) As previously noted above at p. 3, plaintiff has not responded the defendants' motion for summary judgment. Therefore, under Local Rules, he is deemed not to object to defendants' argument that he has not "exhausted the grievance process," and that he has "failed to meet the requisite PLRA standard . . . ." The remaining question is whether the record supports defendants' failure-to-exhaust argument.

The complaint itself provides the following with respect to the issue of exhaustion. First, plaintiff circled "Yes" in response to the question: "[D]id you present these facts to the prison authorities through the state prison grievance procedure?" Second, when asked, "[w]hat steps did you take," plaintiff wrote: "I contacted the Warden of Turney Center Industrial Prison Kevin Genovese via mail explaining to him my being assaulted; and I filed a[n] Inmate grievance explaining my being physicall[y], verbally, and sexually assaulted." Third, when asked "[w]hat was the result," plaintiff wrote "I never received a response from Warden Genovese and my Inmate Grievance was wrongfully denied due to bias." (Doc. 1, ¶¶ I.E.-F, pp. 3-4) There is nothing else

6

in the complaint that pertains to exhaustion, nor has plaintiff filed anything else in this case that would clarify the issue.

Citing plaintiff's February 8, 2018 deposition under oath, defendants assert in their statement of undisputed facts that "Plaintiff claims to have filed a prison grievance . . . but cannot remember the outcome of the grievance process." (Doc. 66, ¶ 16, p. 5) The relevant parts of plaintiffs' deposition are quoted below:

> Q. . . . . [D]id you file a prison grievance?
>
> A. Yeah.
>
> Q. And what was the outcome of that?
>
> A. I can't remember.
>
> Q. Was it denied at some point?
>
> A. Yeah.
>
> Q. After it was denied did you appeal that grievance?
>
> A. Yeah.
>
> Q. . . . . [W]hen was the last appeal you made?
>
> A. I don't know.
>
> Q. Do you know how many times you were denied?
>
> A. No.
>
> Q. Did you appeal it as far as the commissioner?
>
> A. Yeah.
>
> Q. And do you remember when you filed that grievance?
>
> A. No.
>
> Q. . . . . [We]re you written for [a] disciplinar[y] for this incident . . . ?

7

> A. Yeah.

(Doc. 66-1, p. 29)(bold omitted)

> Q. . . . . In the complaint before me they ask about prison grievances, and you said you filed a grievance. And it says, what steps did you take. And you said, I contacted the warden [at Tourney] [C]enter, Kevin Genovese, by mail explaining to him my being assaulted. I filed an inmate grievance explaining my being physically, verbally, and sexually assaulted. And the question was: What was the result? And you wrote: I never received a response from Warden Genovese, and my inmate grievance was wrongfully denied due to bias. What do you mean by bias?
>
> A. They all work together. They're going to deny it based on it by itself.

(Doc. 66-1, pp. 35-36)(bold omitted)

> A. . . . . [T]hen they put me on an investigation and say that right straight up you're working – a grievance. I was not going to file a grievance before they had even wrote me [up]. . . .
>
> Q. Okay.
>
> A. If you write a grievance and they write a disciplinary, the grievance board can throw that out too because it's a disciplinary matter.
>
> Q. Say that to me again.
>
> A. [W]hat I'm saying is you assault them the grievance board will throw that out because the disciplinary board will handle that situation. (Doc. 66-1, p. 39)

(Doc. 66-1, pp. 38-39)(bold omitted)

The Magistrate Judge takes judicial notice that TCIX was subject to the inmate grievance procedure published in TDOC Administrative Policies and Procedures (TDOC Policies and

8

Case 1:16-cv-00078  Document 69  Filed 06/04/18  Page 8 of 13 PageID #: 363

Procedures), Index #: 505.01, INMATE GRIEVANCE PROCEDURES, effective date October 1, 2012.  *See* Rule 201(b), Fed. R. Evid.; *Toth v. Grand Trunk Railroad*, 306 F.3d 335, 349 (6th Cir. 2002)(citing *Int'l Bhd of Teamsters v. Zantop Air Transp. Corp.*, 394 F.2d 36, 40 (6th Cir. 1968)(("[A] Court may take judicial notice of the rules, regulations, and orders of administrative agencies issued pursuant to their delegated authority."))  The published inmate grievance procedure Index #: 501.01 was in effect at the time of the alleged events that gave rise to this action.

Turning first to the complaint, it is consistent with defense counsel's characterization during plaintiff's deposition that plaintiff sent a letter to Warden Genovese reporting the assault.  Writing a letter to the Warden does not constitute filing a grievance under TDOC Policies and Procedures.  Plaintiff was required to file a grievance with the Grievance Board.  TDOC Policies and Procedures Index #: 501.01, § VI.1.  Plaintiff also asserts in the complaint that he "never received a response from Warden Genovese . . . ," which also is consistent with defense counsel's characterization of that point at plaintiff's deposition. Although TDOC Policies and Procedures do not cover personal correspondence from prisoners to wardens, had plaintiff followed the grievance set forth in Index #: 501.01, and had he disagreed with the disposition of his grievance, he could have appealed the decision to the "grievance committee and the Warden," the latter of whom was required to "forward his/her decision to the chairperson" on the appeal following a hearing on the matter.  TDOC Policies and Procedures, Index #: 501.01, § VI.C.2.

Viewing plaintiff's assertion that he "never received a response from Warden Genovese" in the context of a grievance – not a letter – raises the following finite possibilities: **1)** plaintiff did not file a grievance at all; **2)** plaintiff filed a grievance but the Grievance Committee returned it to him because it was "improperly completed or contain[ed] insufficient information" under Index #: 501.01, § VI.C.1., and plaintiff did not re-file it; **3)** the Grievance Committee did not act on

9

plaintiff's properly filed grievance; **4)** plaintiff did not appeal an unfavorable decision by the Grievance Board on his properly filed grievance; **5)** plaintiff <u>did appeal</u> an unfavorable decision by the Grievance Board on his properly filed grievance, but the warden did not respond to his appeal for whatever reason.  In **1)** and **2)** above, plaintiff simply would have failed to file a grievance, consequently the warden would have had no cause to respond.  In **3)** and **5)** above, plaintiff would not have received a response from the warden, but he had the option to "move the grievance to the next stage of the process . . . ." when the time under TDOC Policies and Procedures for a response had run.  TDOC Policies and Procedures, Index #: 501.01 § VI.D.  If plaintiff failed to raise his grievance to the next level of review, then he abandoned the process.  Similarly in **4)** above, if plaintiff did not appeal the Grievance Board's unfavorable response to his properly filed grievance, then the warden would not have had cause to respond, and plaintiff again would have abandoned the process.

As shown above, analysis of the statement in the complaint that plaintiff "never received a response from Warden Genovese" – in the context of a grievance – supports defendants' argument that plaintiff did not exhaust his administrative remedies prior to bringing this action.  The Magistrate Judge turns next to the evidence adduced at plaintiff's deposition.

Plaintiff testified at his deposition that he filed a grievance, but could not remember the outcome.  He testified further that he appealed all the way to the Commissioner, but did not recall when he last appealed, how many times his appeal was denied, or what the outcome was on appeal to the Commissioner.  As noted above at pp. 4-5, conclusory allegations, speculation, and vague unsubstantiated assertions are not sufficient.  In addition to the foregoing, plaintiff testified that he "never received a response from Warden Genovese," the effect of which testimony already has been addressed, and that his "Inmate Grievance was wrongfully denied due to bias."  Asked to explain

10

what he meant by "bias," plaintiff testified that "They all work together. They're going to deny it based on it by itself." Plaintiff did not identify "They," nor did he specify at what level of review "they" denied his grievance. Again, conclusory and vague unsubstantiated allegations will not suffice. Plaintiff also testified that he "was not going to file a grievance before they even wrote [him] up," which supports that conclusion that, if plaintiff filed a grievance, he did not do so straightaway, and that "the grievance board will throw that out because the disciplinary board will handle that situation." This latter statement, coupled with the fact that plaintiff received a disciplinary for assaulting corrections officers during the alleged events that gave rise to this action, supports the inference that plaintiff did not file the grievance at all because, in plaintiff's words, "the disciplinary board will handle that situation."

Where, as here, a failure-to-exhaust defense has been raised and supported, the burden is on plaintiff to present evidence showing that he complied with the PLRA's exhaustion requirement. *See Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011). In the face of defendant's motion for summary judgment, plaintiff was required to present "significant probative evidence" showing that he complied with the PLRA's exhaustion requirements. *See Napier*, 636 F.3d at 225. Neither the complaint nor plaintiff's deposition testimony provide "significant probative evidence." Having been given adequate prior notice of his failure to failure to file a response, plaintiff could have provided an affidavit clarifying his complaint and deposition testimony. He did not. Plaintiff could have provided copies of his grievance documents. He did not. If plaintiff did not possess copies of his grievance, he could have provided copies of correspondence from TCIX and the Commissioner documenting his effort to obtain evidence of his grievance from them. He did not.[2] In short, in not

---

[2] The undersigned notes for the record that defendants ought to have provided the affidavit of the TCIX grievance chairperson to support their argument that plaintiff did not filed a grievance, or if he did, the affidavit from the TDOC Deputy Commissioner of Operations to show that plaintiff did not complete one complete round of TDOC's grievance procedure. Such affidavits would have been more probative of the issue.

11

responding to defendants' motion for summary judgment, he has failed to satisfy his burden of proof on summary judgment. Accordingly, defendants' motion for summary judgment for failure to exhaust should be granted and this action dismissed with prejudice.[3]

### III. CONCLUSIONS AND RECOMMENDATIONS

The Magistrate Judge **RECOMMENDS** for the reasons explained above that: **1)** defendants' motion for summary judgment (Doc. 65) be **GRANTED**; **2)** this action be **DISMISSED WITH PREJUDICE** for failure to exhaust; **3)** acceptance and adoption of this R&R constitute the **FINAL JUDGMENT** in this action; **4)** any appeal **NOT** be certified as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

The parties have fourteen (14) days of being served with a copy of this R&R to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, 142, *reh'g denied*, 474 U.S. 111 (1986); *see Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011).

It is so **ORDERED**.

**ENTERED** this the 4th day of June, 2018.

---

[3] Although the norm in the Sixth Circuit is to dismiss actions for failure to exhaust without prejudice, the Sixth Circuit previously affirmed a decision of this court that dismissed a § 1983 action for failure to exhaust *with prejudice* where to do otherwise would be futile because the time to file a grievance had long since run. *See Howard v. State of Tennessee Department of Correction*, 1:12-00004 (M.D. Tenn., July 2, 2013)(Campbell, CJ)(dismissing cause of action with prejudice for failure to exhaust)(*aff'd* 6th Cir. No. 13-6095, mandate issued July 16, 2014 (Docs. 174-76)). Inasmuch as the alleged events that gave rise to this action occurred more than one year and ten months ago, the time for plaintiff to exhaust his administrative remedies has long since past, and it would serve no useful purpose to dismiss this action without prejudice to give him an opportunity to exhaust his administrative remedies.

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge